ON MOTION TO DISMISS
LeSUEUR, Judge.
This matter is before us on a “Petition for Dismissal of Appeal” filed by the State of Louisiana, defendant-appellee, which recites the following:
“1. That said appeal, devolutive in nature, is frivolous and completely devoid of any possibility of recovery from defendant, the State of Louisiana, for the following reasons:
“(a) That all issues between litigants, both plaintiff and defendant have been resolved; the following defendants, the City of New Orleans, Armand Zilucca and American Employers Insurance Co., were each relieved of all liability by judgment of the lower court or settlement prior to trial hereof.
“(b) That Robert F. Crites (the prison trusty) who was driving the car involved in the accident, died October 24, 1967, prior to the trial of the case and all proceedings and claims against him were dismissed by the Trial Court (pp. 2-3-4-5-6 volume 2 of Record). This Court will further observe that in the original petition that the heirs of the estate of Louis Heyd, Sr. who died August 21, 1966 were not made parties to the suit and we call your further attention to the trial court’s remarks on pages 6 and 7 relative to plaintiff’s failure to include the necessary parties as defendants — and acknowledged by counsel, the suit was then summarily dismissed as to Louis Heyd, Sr., and his estate, and Robert F. Crites, in unequivocal terms on pages 4, 5 and 6 and again on page 4, counsel (Mr. Rousselle) voluntarily requested a dismissal as in case of ‘non-suit’ and the Court in its ruling stated: (P. 94 — Vol. 2)

‘It has to be dismissed, bacause there isn’t any case against either one, you haven’t got a party, and you haven’t made parties, and you’ve had time to make parties.’

“This ruling, the lack of parties defendant, the voluntary actions of present counsel (Mr. Rousselle) and the procedures outlined above irrevocably settled *468 every and all contentions urged by Plaintiff Dauzat as to his legal rights to recover from the State of Louisiana.
“(c) That pursuant to and acting under the decree of Judge A. E. Rainold of May 7, 1969, the said plaintiff herein accepted settlement and release in full of the liability coverage of the defendant, Mrs. Ruth Kloepfer, the Preferred Risk Mutual Insurance Co. in the amount of TWELVE THOUSAND TWO HUNDRED NINE DOLLARS AND 80/100 ($12,209.80) ‘in full satisfaction’ of said judgment. (P. 75 Volume 1 of transcript).
“(d) That plaintiff’s reservation in the above release ‘against the State of Louisiana’ is meaningless in toto, for the reason that Preferred Risk Mutual Insurance Co. was the insurer on the prime liability (Mrs. Ruth Kloepfer, owner of the 1961 Olds automobile, involved in the alleged accident, and driven by decedent Robert Crites; that his entire procedure and theory of the case, as shown by the record, was that the State of Louisiana was liable under the doctrine of respon-deat superior, which of course is unrealistic in legal principle, in that the universal jurisprudence is that no state, in the absence of statutory provision, can be held liable for the acts of any or all local parochial officials over which it exercises no control. We attach hereto copy of brief requested and filed in the Trial Court in connection herewith. (See Vol. 1 pp. 36-37).
“(e) That if there remained any other possibility of recovery against the State of Louisiana, it expired immediately upon the acceptance of the above payment and release of the prime liability insurer, and that, in light of existing jurisprudence.”
The petition to dismiss is obviously without merit for, as a reading of the foregoing demonstrates, it is based entirely on the appellee’s assertion that the appellant cannot win his case against the State, a matter which relates directly to the merits of the case and which is to be determined by us only after the matter has been argued and submitted.
Apparently the appeal in this matter has been properly lodged with this Court. This being the case, the appellant has a right to be heard as in all appeals and appellee does not have the right to have the merits of the case prematurely heard by the means of filing a petition for dismissal of the appeal.
For the reasons assigned, the motion and petition to dismiss the appeal is denied.
Motion denied.