SAMUEL, Judge.
Mrs. Sadie Curol Schieffler, individually and as administratrix of the Succession of Albert Schieffler, filed this suit against Belair Trailer Sales, Inc. and Commercial Credit Corporation on a contract to sell a trailer. The petition alleges: the contract, which was between the decedent, Albert Schieffler, and Belair Trailer Sales, Inc., included a provision for credit life insurance to be obtained on the life of the purchaser; Commercial Credit Corporation agreed with the other defendant to finance the credit portion of the trailer’s purchase price and to secure said credit life insurance; the credit life insurance was not obtained and, following Albert Schieffler’s death, the “defendant” refused to go through with the contract unless Mrs. Schieffler agreed to pay the full credit portion thereof. The petition prays that the defendants be required to accept a $2,000 check deposited in the registry of the court in full discharge of plaintiff’s obligations under the contract and that they deliver the trailer. Alternatively, the prayer is for damages.
After trial there was judgment in favor of both defendants, dismissing the suit. Plaintiff appealed from that judgment. When the appeal was lodged in this court Commercial Credit Corporation filed an exception of no cause of action and a motion to dismiss the appeal as to that defendant. The motion to dismiss is the only matter now before us.
The motion is based on the contention that, in addition to an absence of allegations in the petition stating a cause of action against Commercial Credit Corporation, “ * * * an, inspection of the pleadings, evidence and testimony will show the Court that under the facts alleged and proved there is no legal theory shown upon which a Judgment could be granted against * * * ” mover.
The motion to dismiss is without merit. The contention that, as shown by the evidence contained in the record, appellant cannot obtain a judgment against the mover clearly addresses itself to the merits of the appeal and can be determined by us only *509 after the appellant has been given a full opportunity to brief, argue and submit the case. As it appears the appellant has a right to appeal and the appeal has been properly and timely taken, the motion to dismiss must be denied. Dauzat v. Crites, La.App., 230 So.2d 467; Four Seasons, Inc. v. New Orleans Silversmiths, Inc., La.App., 229 So.2d 136.
For the reasons assigned, the motion to dismiss the appeal is denied.
Motion denied.